## ANDREJKOVIC v CLEVELAND (City)

Ohio Appeals, 8th Dist, Cuyahoga Co
No 11063. Decided Nov 10, 1930

Louis Fernberg, Cleveland, for Andrejkovic.

Leo Weil, Cleveland, for City.

CLINE, J.

The city attorneys frankly concede that no evidence was introduced tending to show that intoxicating liquor had been trafficked in, on the premises of defendant. With this concession on the part of the city attorneys, the case of **Bender vs Adams**, No. 8077 Court of Appeals of this District, (6 Abs 231) controls the judgment which should have been rendered in this case.

The facts in that case show that Senator Bender's house was searched by a dry raider, under a search warrant but no liquor was found in his residence. Bender then sued the officers who made the raid for damages for the unlawful search of his home, and the right of owners of private residences to have liquor in their possession in their homes was considered in a careful opinion rendered by Vickery, J.

In the Bender case the court held that the mere possession of liquor in a private home does not contravene any law of the State of Ohio. In order to make the possession of liquor unlawful, it must have been trafficked in by the owner thereof, in which event the private home loses its character as such and is deprived of its constitutional sanctity against unlawful search or seizure.

The so-called "Miller law", **Section 6212-15** reads:

"No person shall, after the passage of this act, manufacture, sell, barter, transport, import, export, deliver, furnish, receive, give away, prescribe, possess, solicit or advertise any intoxicating liquors."

Also Section 6212-14, paragraph two, reads as follows:

"The term 'given away' and the term 'possess' shall not apply to intoxicating liquor in a bona fide private dwelling."

Our Court of Appeals then said:—

"The character of a 'bona fide' private residence can only be changed so it is not immune from search, by doing something which amounts to a trafficking in liquors; the mere possession of liquor, no matter when manufactured, does not change the character of the house. It depends upon the use to which the house is put. The reason for the Miller Law was that under the guise of a private residence, persons so inclined might use their private house as a distributing point, and it would be immune from search, and to cure that evil the legislature rightfully passed the Miller Act, because if the purpose of the dry law could be evaded by simply making the private home the headquarters for the distribution and make it immune from search, it would defeat the very language and aim of the law."

A motion to certify the Bender case to the Supreme Court for review was overruled, and so far as this jurisdiction is concerned, is the settled law.

Therefore, when the court below, without any evidence whatever to show trafficking in intoxicating liquor in the house of Andrejkovic, found him guilty of the unlawful possession of liquor, it rendered its decision contrary to the decision of this court.

As we have stated, possession in a private home is not sufficient to render one guilty of an offense under the liquor laws of Ohio, but it must have been trafficked in to some extent. The evidence of trafficking may be circumstantial only, but one may be convicted under the Act by a showing that an actual sale had been made in the house, or there must be evidence from which that conclusion may be drawn, which must be arrived at beyond the existence of a reasonable doubt.

The opinion of the court in the Bender case laid down the rule that it is not necessary to show by direct evidence that there was a sale of liquor, yet circumstances surrounding the possession might be suffi-

cient to show to the court, beyond the existence of a reasonable doubt, that the home had lost its character as a private residence and it became a place where liquor was trafficked in.

We commend Mr. Ryan of the Police Prosecutor's office for his frank statement to this court that the record does not show any evidence of trafficking in liquor in the home of Andrejkovic. The latter's conviction was not authorized by law, and the judgment of the lower court must be reversed and the plaintiff in error discharged.

Vickery, P. J. and Levine, J. concur.